UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO: 18-cv-81178-DMM

HOWARD COHAN,

    Plaintiff,

v.

STARBUCKS COFFEE COMPANY,
d/b/a STARBUCKS COFFEE,

    Defendant.
_____/

## MOTION TO DISMISS

COMES NOW, the Defendant, STARBUCKS COFFEE COMPANY (Starbucks), by and through its undersigned attorneys, and files this, its Motion to Dismiss and, in support thereof, states as follows:

**I.    Factual Allegations**

In these cases, filed by Plaintiff, HOWARD COHAN, through his counsel, Gregory Sconzo, he seeks declaratory and injunctive relief (including attorneys' fees and costs) pursuant to 42 USC §12182 and the 2010 Americans with Disabilities Act. Plaintiff claims to be disabled under the ADA, and further asserts that he has been discriminated against by a number of Starbucks facilities in both Broward and Palm Beach Counties because he does not have "full and equal access and full and equal enjoyment of the facilities and amenities."

1

He claims in a conclusory fashion that he plans to go back to each of these Starbucks facilities, in various locations in Broward and Palm Beach Counties, and that he has standing to require Starbucks to comply with the requirements of the ADA. He also acknowledges that he acts as a "tester" for the purpose of "discovering, encountering and engaging discrimination against the disabled in public accommodations." This is made evident by the fact that a CM-ECF search indicates that COHAN has filed in excess of 1,500 lawsuits in the past five years (including claims in the Southern, Middle and Northern Districts of Florida as well as Colorado, Illinois, Louisiana and Michigan).

**II.     Legal Argument: Plaintiff lacks standing to pursue these claims.**

In order to satisfy standing under Article III of the Constitution, the Plaintiff must satisfy the following three elements: (1) an injury-in-fact; (2) a causal connection between the asserted injury and the conduct of Starbucks; and (3) that the injury will be redressed by a favorable decision. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). Earlier this year, the Eleventh Circuit addressed the question of standing under the same allegations presented in this case.

In *Kennedy v. Beachside Commercial Properties, LLC*, 732 Fed. Appx. 817, 821 (11th Cir. 2018), the court held that in order to prove that he or she suffered an injury-in-fact, a plaintiff must do more than show that he or she was injured in the past, but must also demonstrate "a sufficient likelihood that [he or she] will be affected by the allegedly unlawful conduct in the future." *Id.* (citing *Houston* at 1329). Thus, in order

to have standing in this case, Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." *Id.* (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

In his complaints, the Plaintiff generally and conclusively suggests that he "would like to be able" to be a patron of the premises in the future [DE 1, ¶10]; that he "will absolutely return" when Starbucks modifies the premises as he insists it must [DE ¶12]; and that he would "like to return" to the various locations [DE ¶20]. The Plaintiff has not set forth: (1) the proximity of where he lives to the location of each property at issue in his complaints; (2) the frequency of his past visits to each site; and (3) the definiteness of his plans to return (as opposed to a vague intent to do so), all of which should be included so that they can be considered by the Court in evaluating the totality of the circumstances in order to decide whether he has properly asserted a threat of future injury. Otherwise, his "formulaic assertion of a generalized intent to return to the premises and/or the area do not amount to a 'real and immediate' threat of injury. *Kennedy*, 732. Fed. Appx at 822. The complaints should be dismissed for a lack of standing.

WHEREFORE, the Defendant, STARBUCKS COFFEE COMPANY, respectfully requests that this Court dismiss the Plaintiff's complaint for lack of standing, and order such other and further relief as may be proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Dated: October 8, 2018                    Respectfully submitted,

*/s/ Eugene K. Pettis*
FBN: 508454
Email:  Service@hpslegal.com
HALICZER PETTIS & SCHWAMM, P.A.
One Financial Plaza, Seventh Floor
100 SE 3rd Avenue
Fort Lauderdale, FL 33394
*Attorneys for Defendants*
Telephone:  954-523-9922
Facsimile:  954-522-2512

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Eugene K. Pettis*
EUGENE K. PETTIS

## **SERVICE LIST**

Gregory S. Sconzo, Esq.
The Law Office of Gregory S. Sconzo, PA
5080 PGA Blvd. - #213
Palm Beach Gardens, FL  33418
*Attorney for Plaintiff*
561-729-0904
561-491-9459
E-MAIL DESIGNATIONS:	sconzolaw@gmail.com;
	greg@sconzolawoffice.com;
	sarah@sconzolawoffice.com